1  **MANATT, PHELPS & PHILLIPS, LLP**
   JOHN W. McGUINNESS (SBN 277322)
2  E-mail: JMcGuinness@manatt.com
   2049 Century Park East, Suite 1700
3  Los Angeles, California 90067
   Telephone:    310.312.4000
4  Facsimile:    310.312.4224

5  A. PAUL HEERINGA (*pro hac vice* application forthcoming)
   E-mail: PHeeringa@manatt.com
6  151 North Franklin Street, Suite 2600
   Chicago, IL 60606
7  Telephone:    312.529.6308

8

   *Counsel for Defendant*
9

10              **UNITED STATES DISTRICT COURT**

11              **EASTERN DISTRICT OF CALIFORNIA**

12

13  FRANK BELL, *on behalf of all others          Case No. 2:24-cv-00825-KJM-DMC
    similarly situated*,
14                                                **HAWX SERVICES, LLC'S NOTICE OF
                    Plaintiff,                    MOTION AND MOTION TO DISMISS
15                                                PLAINTIFF'S FIRST AMENDED
          vs.                                     COMPLAINT AND/OR STRIKE CERTAIN
16                                                IMPROPER ALLEGATIONS;
    HAWX SERVICES, LLC,                           MEMORANDUM OF POINTS AND
17                                                AUTHORITIES IN SUPPORT THEREOF**
                    Defendant.
18                                                Date:        September 13, 2024
                                                  Time:        10:00 a.m.
19                                                Judge:       Hon. Kimberly J. Mueller
                                                  Crtrm:       3, 15th Floor
20                                                Filed:       July 17, 2024

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on September 13, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Kimberly J. Mueller (Courtroom 3) of the above-entitled Court, located at 501 I Street, Sacramento, California 95814, Hawx Services, LLC ("Hawx Services", "Hawx," or "Defendant") will, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), for an order dismissing the claims which Plaintiff Frank Bell ("Plaintiff") has asserted against it, or, in the alternative, to strike the improper allegations within pursuant to Federal Rules of Civil Procedure 12(f) and/or 23. Hawx Services' motion is based on this Notice of Motion and Motion to Dismiss/Strike, the accompanying Memorandum of Points and Authorities filed in support, all pleadings and papers on file in this matter, and such other further written and oral arguments as may be presented to the Court at a hearing on this Motion or before the Court's decision.

Pursuant to this Court's standing order, Hawx Services submits the following certification regarding meet and confer efforts: On July 3, 2024, counsel for Hawx Services met and conferred with Plaintiff's counsel through a telephonic call and thoroughly discussed the arguments raised in the present Motion. Plaintiff's counsel stated that counsel disagreed with Hawx Service's legal positions, and stated that Plaintiff's position that his pleading was sufficient. Hawx Services also submits the following certification regarding settlement efforts. During the same call on July 3, 2024, counsel for Hawx Services engaged in settlement discussions with Plaintiff's counsel. The parties were unable to reach a consensus on settlement. Consequently, the parties have not been able to reach an agreement that would obviate the need for Hawx Services to file this Motion.

Dated: July 17, 2024                        Respectfully submitted,

By: */s/ John W. McGuinness*
    John W. McGuinness

*Counsel for Hawx Services, LLC*

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

2

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

RELEVANT ALLEGATIONS ......................................................................................... 2

APPLICABLE STANDARD ............................................................................................ 2

    A.    Fed. R. Civ. P. 12(b)(6): Failure to State a Claim for Relief ................................. 2

    B.    Fed. R. Civ. P. 12(b)(1): Lack of Federal Subject Matter Jurisdiction .................. 3

    C.    Fed. R. Civ. P. 12(f) and 23: Striking Improper Allegations ................................ 4

ARGUMENT .................................................................................................................... 5

I.    Plaintiff Fails to Plead Facts Supporting an Essential Element of His Claim. ................. 5

II.    Plaintiff Also Lacks Article III Standing to Seek Injunctive Relief. ................................. 7

III.    Plaintiff's FAC Should Be Dismissed With Prejudice. ...................................................... 7

IV.    Alternatively, Plaintiff's Faulty Class and Other Allegations Should Be Stricken Under Fed. R. Civ. P. 12(f) 23 .............................................................................. 8

    A.    Certain Allegations are Immaterial, Impertinently Scandalous, and Unduly Prejudicial under Rule 12(f) ................................................................................... 8

    B.    Alternatively, the Court Should Strike Plaintiff's Facially Uncertifiable Class and Other Improper Allegations Under Rules 12(f) and/or 23 ................... 10

        a.    Plaintiff's Proposed Class Definition is Impermissible "Fail Safe" ......... 10

        b.    Common Questions of Law and Fact Do Not Predominate. .................... 11

        c.    Plaintiff's Remaining Class Allegations Are Superfluous. ....................... 14

CONCLUSION ............................................................................................................... 14

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alan v. BrandRep, Inc.*,
 2016 WL 10988679 (C.D. Cal. Nov. 28, 2016) ........................................................ 14

*American Western Door & Trim v. Arch Specialty Ins. Co.*,
 2015 WL 1266787 (C.D. Cal. Mar. 18, 2015) ......................................................... 4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................. 3

*Aspen v. Newsom*,
 2010 WL 2721458 (N.D. Cal. July 7, 2010) ........................................................... 3

*Barnett v. Bank of Am., N.A.*,
 2021 WL 2187950 (W.D.N.C. May 28, 2021) ......................................................... 13

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .......................................................................................... 2, 3, 6

*Blair v. Assurance IQ LLC*,
 2023 WL 6622415 (W.D. Wash. Oct. 11, 2023) ............................................... 4, 7, 11

*Cholly v. Uptain Grp., Inc.*,
 2017 WL 449176 (N.D. Ill. Feb. 1, 2017) ............................................................... 14

*Colony Cove Properties, LLC v. City of Carson*,
 640 F.3d 948 (9th Cir. 2011) .................................................................................. 3

*Dahdah v. Rocket Mortgage LLC*,
 2023 WL 5941730 (E.D. Mich. Sept. 12, 2023) ..................................................... 6

*Davidson v. Kimberly-Clark Corp.*,
 889 F.3d 956 (9th Cir. 2018) .................................................................................. 4

*Dixon v. Monterey Fins. Servs., Inc.*,
 2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) ......................................................... 10

*Dolemba v. Kelly Servs., Inc.*,
 2017 WL 429572 (N.D. Ill. Jan. 31, 2017) .............................................................. 13

*Eldridge v. Cabela's Inc.*,
 2017 WL 4364205 (W.D. Ky. Sept. 29, 2017) ........................................................ 14

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993) ............................................................................. 5, 8

*Fisher v. Alarm.com Holdings, Inc.*,
 2018 WL 5717579 (N.D. Ill. Nov. 1, 2018) ............................................................. 9

*Flores v. City of Cal. City*,
 2019 WL 1934016 (E.D. Cal. May 1, 2019) ........................................................ 5, 14

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994) .................................................................................. 8

*Frame v. Cal-W. Reconveyance Corp.*,
   2011 WL 3876012 (D. Ariz. Sept. 2, 2011) ............................................. 8

*Gallegos v. Roman Catholic Archbishop of San Francisco*,
   2016 WL 3162203 (N.D. Cal. June 7, 2016) ........................................... 9

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982) ................................................................................ 10

*Gene and Gene LLC v. BioPay LLC*,
   541 F.3d 318 (5th Cir. 2008) ................................................................. 12

*Gillam v. Reliance First Cap.*,
   2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) ......................................... 6

*Gulden v. Consol. World Travel Inc.*,
   2017 WL 3841491 (D. Ariz. Feb. 15, 2017) ........................................... 6

*Hanni v. Am. Airlines, Inc.*,
   2010 WL 289297 (N.D. Cal. Jan. 15, 2010) ......................................... 10

*Hicks v. Alarm.com Inc.*,
   2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ........................................... 9

*Hirsch v. USHealth Advisors, LLC*,
   337 F.R.D. 118 (N.D. Tex. 2020) .......................................................... 14

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
   934 F. Supp. 2d 1219 (C.D. Cal. 2013) ................................................. 9

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ................................................................. 3

*Ivey v. Bd. Of Regents*,
   673 F.2d 266 (9th Cir. 1982) ................................................................... 3

*Jones v. Nutiva, Inc.*,
   2017 WL 3617104 (N.D. Cal. Aug. 23, 2017) .................................... 4, 7

*Jovanovic v. SRP Invs. LLC*,
   2021 WL 4198163 (D. Ariz. Sept. 15, 2021) .......................................... 8

*Kamar v. Radioshack Corp.*,
   375 F.App'x 734 (9th Cir. 2010) ........................................................... 10

*Katz v. CrossCountry Mortg., LLC*,
   2022 WL 16950481 (N.D. Ohio Nov. 15, 2022) .................................... 6

*Langan v. United Svcs. Auto. Assoc.*,
   69 F. Supp. 3d 965 (N.D. Cal. 2014) ...................................................... 4

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

Page

*Lindsay Transmission, LLC v. Office Depot, Inc.*,
  2013 WL 275568 (E.D. Mo. Jan. 24, 2013) ............................................................ 13

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) ............................................................................ 8

*Maine State Retirement Sys. v. Countrywide Fin. Corp.*,
  2011 WL 4389689 (C.D. Cal. May 5, 2011) ............................................................ 9

*Massey v. Biola Univ., Inc.*,
  2020 WL 2476173 (C.D. Cal. Apr. 10, 2020), *report and rec. adopted*, 2020 WL
  2468765 (May 13, 2020) ..................................................................................... 3

*McReynolds v. Lowe's Cos. Inc.*,
  2008 WL 5234047 (D. Idaho Dec. 12, 2008) ........................................................... 9

*Miller v. Time Warner Cable Inc.*,
  2016 WL 7471302 (C.D. Cal. Dec. 27, 2016) ...................................................... 4, 7

*nexTUNE, Inc. v. McKinney*,
  2013 WL 2403243 (W.D. Wash. May 31, 2013) ...................................................... 3

*Nicholas Greene v. Select Funding, LLC*,
  2021 WL 4926495 (C.D. Cal. Feb. 5, 2021) ............................................................ 6

*Pareto v. FDIC*,
  139 F.3d 696 (9th Cir. 1998) ............................................................................... 3

*Pepka v. Kohl's Dep't Stores, Inc.*,
  2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ................................................ 4, 10, 11, 13

*Peterson v. City of Hamilton*,
  2006 WL 2850582 (D. Mont. Sept. 29, 2006) ........................................................ 3

*Revitch v. Citibank*,
  2019 WL 1903247 (N.D. Cal. Apr. 28, 2019) ......................................................... 12

*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
  2022 WL 2713278 (N.D. Iowa June 9, 2022) ......................................................... 11

*RSM Prod. Corp. v. Fridman*,
  643 F. Supp. 2d 382 (S.D.N.Y. 2009) .................................................................. 9

*Salaiz v. eHealthInsurance Srvs., Inc.*,
  2023 WL 2622138 (N.D. Cal. Mar. 22, 2023) ....................................................... 10

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................................. 4

*Schaevitz v. Braman Hyundai, Inc.*,
  437 F. Supp. 3d 1237 (S.D. Fla. 2019) .............................................................. 4, 7

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- iv -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES
(continued)

Page

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983) ............................................................................ 5

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ............................................................................ 3

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ....................................................................................... 4, 7

*Stokes v. CitiMortgage, Inc.*,
2015 WL 709201 (C.D. Cal Jan. 16, 2015) ................................................ 4, 13

*Susan B. Anthony List v. Driehaus*,
573 U.S. 149 (2014) ......................................................................................... 7

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) .......................................................... 10

*Tomaszewski v. Circle K Stores Inc.*,
2021 WL 2661190 (D. Ariz. Jan. 12, 2021) .................................................... 10

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ......................................................................................... 7

*Trenz v. On-Line Admins., Inc.*,
2020 WL 5823565 (C.D. Cal. Aug. 10, 2020) ................................................. 12

*Warnick v. Dish Network LLC*,
301 F.R.D. 551 (D. Colo. 2014) ........................................................................ 5

*Washington Env't Council v. Bellon*,
732 F.3d 1131 (9th Cir. 2013) .......................................................................... 3

*Whitmore v. Federal Election Comm'n*,
68 F.3d 1212 (9th Cir. 1995) ............................................................................ 3

*Whittlestone, Inc. v. Handi–Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ...................................................................... 5, 10

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) .......................................................................... 3

*Woo v. Home Loan Group, L.P.*,
2007 WL 6624925 (S.D. Cal. Jul. 27, 2007) ................................................. 5, 8

*Yagman v. Allianz Ins.*,
2015 WL 5553460 (C.D. Cal. May 11, 2015) .................................................... 5

## STATUTES

47 U.S.C. § 227(c) ................................................................... 1, 5, 11, 12, 13

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

- v -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF AUTHORITIES**
(continued)

**Page**

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(c)(2) ..................................................................................... 5, 12, 13

47 C.F.R. § 64.1200(f)(5) ............................................................................................ 13

47 C.F.R. § 64.1200(f)(15) ........................................................................................ 5, 12

**RULES**

Fed. R. Civ. P. 12 ......................................................................................................... 2

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 1, 3, 7

Fed. R. Civ. P. 12(b)(6) ..................................................................................... passim

Fed. R. Civ. P. 12(f) ........................................................................................... passim

Fed. R. Civ. P. 23 ............................................................................................... passim

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

- vi -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## <u>INTRODUCTION</u>

Despite having amended his original defective pleading, Plaintiff failed to rectify all the fatal pleading deficiencies that Hawx Services identified in the previous dispositive motion it filed in this case (*see* Dkt. 9) through its current iteration. Indeed, in his one-count First Amended Complaint ("FAC"), Plaintiff continues to allege, in conclusory fashion and still without sufficient requisite factual support, that Hawx Services violated the National "Do Not Call" ("DNC") Registry provisions in Section 227(c) of the Telephone Consumer Protection Act (the "TCPA"). Plaintiff's DNC claim remains based on two ill-described calls that he purportedly received on the same day, about an hour apart. However, merely regurgitating the legal elements of a cause of action without sufficient supporting facts, as Plaintiff continues to do here, does not satisfy federal pleadings standards and cannot survive dismissal in any federal case. Plaintiff also cannot expect to represent a nationwide putative class based on the facially uncertifiable allegations in his pleading. Further, as Plaintiff already had two bites at the proverbial apple and yet still has not pled a plausible TCPA claim against Hawx Services or facially-certifiable class allegations, there is no reason he should be given another chance to amend, which will surely result in another equally defective pleading ripe for dismissal. Therefore, his entire FAC should be dismissed <u>with prejudice</u>, or alternatively his improper allegations should be stricken, for at least the following reasons:

**<u>First</u>**, the FAC should be dismissed in its entirety under Rule 12(b)(6), because it continues to lack actual facts supporting essential elements of Plaintiff's asserted DNC claim. Critically, Plaintiff still does not allege sufficient non-conclusory (or any) facts regarding the content of the subject calls demonstrating they meet the statutory definition of a "telephone solicitation." Similarly referring to the calls as a "solicitation," without providing sufficient detail about their content, are not viable allegations under Rule 12(b)(6).

**<u>Second</u>**, if the Court does not dismiss the entire FAC (and it should), it should still dismiss Plaintiff's requests for injunctive relief pursuant to Rule 12(b)(1) for lack of standing, at the minimum. It is well-settled that, to have standing under Article III of the U.S. Constitution to seek injunctive relief in any federal case, all plaintiffs must plead non-conclusory facts demonstrating

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

1    they are at risk of a possible future injury by the defendant. Plaintiff pleads no such facts here.

2         Alternatively, while the entire FAC should be dismissed on the dispositive grounds above,

3    Plaintiff's FAC also still contains various improper allegations that should be (and are properly)

4    stricken under Rule 12 and/or 23. First, the FAC contains "superfluous historical" allegations in

5    the form of references to a separate, unrelated action and an anonymous post on a third party

6    website, having nothing to do with the parties, facts, and the TCPA claim in this case. Second, its

7    class allegations remain facially inadequate, such that certification cannot be granted as pled. Thus,

8    should the Court not dismiss the FAC in whole or in part for any reason, it should nevertheless

9    strike Plaintiff's plainly-improper superfluous historical allegations and class definition and related

10   class allegations now under Rules 12(f) and/or 23, before the parties waste time and effort in

11   discovery relating to them.

12                              **RELEVANT ALLEGATIONS**

13        In pertinent part, Plaintiff now vaguely alleges that he received two phone calls on

14   December 4, 2023 from Hawx, occurring about an hour apart, from the number (801) 689-3100

15   (*see* Dkt. 11, ¶¶ 28, 35, 56); and that the callers somehow "attempted to solicit" him "to purchase

16   Hawx's pest control services." *Id.* ¶¶ 32, 36. Plaintiff alleges that (i) these calls were made to a

17   number ending in 7881 that purportedly is assigned to a cell phone; (ii) he is the "user" of that

18   number (but apparently not the "subscriber" or *only* user); (iii) he registered it on the National DNC

19   Registry; and (iv) it has been on the Registry "since November 7, 2014." *Id.* ¶¶ 22, 26-27. Plaintiff

20   further concludes, *inter alia*, that this phone number is his "primary" "means to communicate

21   telephonically." *Id.* ¶ 24. Based on these allegations, Plaintiff seeks to represent an ill-defined

22   nationwide class. *Id.* ¶ 57. As demonstrated below, however, Plaintiff's conclusory allegations

23   remain insufficient to survive dismissal under well-settled federal pleading standards.

24                              **APPLICABLE STANDARD**

25   **A.    Fed. R. Civ. P. 12(b)(6): Failure to State a Claim for Relief**

26        Rule 12(b)(6) provides for dismissal for failing to state a claim for relief. A claim brought

27   in federal court mandates the pleading of sufficient facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S.

28   544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id.* Naked

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations omitted). A "formulaic recitation of the elements" of a claim is likewise insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "[t]o survive a Rule 12(b)(6) dismissal, a complaint must allege enough specific facts to provide both 'fair notice' of the particular claim being asserted and 'the grounds upon which it rests.'" *Massey v. Biola Univ., Inc.*, 2020 WL 2476173, at *5 (C.D. Cal. Apr. 10, 2020), *report and rec. adopted*, 2020 WL 2468765 (May 13, 2020) (quoting *Twombly*, 550 U.S. at 555 & n.3)).

Moreover, under Rule 12(b)(6), the Court "accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party." *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). However, the Court need not "'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.4 (9th Cir. 2012) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *see also Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient" to avoid dismissal under federal pleading standards); *nexTUNE, Inc. v. McKinney*, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) ("[S]peculation unsupported by any factual allegation is insufficient to survive a motion to dismiss under [Rule] 12(b)(6).") (citing *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008)); *Peterson v. City of Hamilton*, 2006 WL 2850582, at *1 (D. Mont. Sept. 29, 2006) ("A plaintiff … must plead [facts supporting] the essential elements of a claim to survive dismissal under Rule 12(b)(6).") (citing *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.      Fed. R. Civ. P. 12(b)(1): Lack of Federal Subject Matter Jurisdiction**

Dismissal of a complaint is also required under Rule 12(b)(1) for lack of federal subject matter jurisdiction where a plaintiff fails to establish his or her Article III standing. *See, e.g., Washington Env't Council v. Bellon*, 732 F.3d 1131, 1147 (9th Cir. 2013). "The absence of any one element [out of the three required] deprives a plaintiff of Article III standing and requires dismissal." *Aspen v. Newsom*, 2010 WL 2721458, at *1 (N.D. Cal. July 7, 2010) (citing *Whitmore v. Federal Election Comm'n*, 68 F.3d 1212, 1215 (9th Cir. 1995)). Where a plaintiff lacks Article

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

III standing to seek a particular form of relief, like injunctive relief, the Court lacks federal subject matter jurisdiction to award it and may dismiss that claim. *See, e.g., Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016) (dismissing request for injunctive relief in TCPA case on this basis); *Blair v. Assurance IQ LLC*, 2023 WL 6622415, at *4–5 (W.D. Wash. Oct. 11, 2023) (same, citing *inter alia Miller* and *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018)). Along those lines, to establish Article III standing to seek injunctive relief in any federal case TCPA or otherwise), Plaintiffs must plead plausible facts suggesting a possible imminent future injury to themselves. *See, e.g., Jones v. Nutiva, Inc.*, 2017 WL 3617104, at *4 (N.D. Cal. Aug. 23, 2017); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108-09 (1998) (a "generalized interest in deterrence" is insufficient to demonstrate Article III standing for injunctive relief). Failure to allege such facts (especially in a TCPA case) warrants dismissal of the request for relief. *See Miller*, 2016 WL 7471302, at *2–4; *Blair*, 2023 WL 6622415, at *4–5; *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251-52 (S.D. Fla. 2019) (same).

### C.    Fed. R. Civ. P. 12(f) and 23: Striking Improper Allegations

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In this regard, it is well settled in the Ninth Circuit that class allegations may be properly stricken at the pleadings stage prior to discovery pursuant to Rule 12(f) where, as here, "the allegations make it obvious that class wide relief is not available" under Rule 23. *American Western Door & Trim v. Arch Specialty Ins. Co.*, 2015 WL 1266787, at *8 (C.D. Cal. Mar. 18, 2015). *See also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (striking class allegations as "impertinent" under Rule 12(f) for not satisfying Rule 23); *Stokes v. CitiMortgage, Inc.*, 2015 WL 709201, at *4-6 (C.D. Cal Jan. 16, 2015) (striking class allegations with prejudice that "require[d] individualized inquiries into each putative class member"); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *1-5 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case which "necessarily involve[d] individualized inquiries" and for being "an impermissible fail-safe class"); *Langan v. United Svcs. Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014) (striking class allegations where "discovery on the class claims would not shed any additional light" on whether plaintiff would satisfy Rule 23). Courts in the Ninth Circuit have

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

correctly recognized that permitting a facially uncertifiable class to proceed past the pleadings stage to discovery, as is true here, would place an undue burden and expense upon the parties and the Court. *See, e.g., Yagman v. Allianz Ins.*, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015) (striking class allegations where allowing untenable class claims to proceed past the pleadings stage "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings") (citing *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

Further, Rule 12(f) motions serve to "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Flores v. City of Cal. City*, 2019 WL 1934016, at *3 (E.D. Cal. May 1, 2019) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Accordingly, federal courts have recognized that "'[s]uperfluous historical allegations are a proper subject of a motion to strike.'" *Woo v. Home Loan Group, L.P.,* 2007 WL 6624925, at *5 (S.D. Cal. Jul. 27, 2007) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

## **ARGUMENT**

### I.    **Plaintiff Fails to Plead Facts Supporting an Essential Element of His Claim.**

Plaintiff seeks relief under the National DNC Registry provision in Section 227(c) of the TCPA which, along with its implementing regulations, prohibits, in relevant part, the "initiat[ion]"of more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). As demonstrated below, despite the additional allegations made in the FAC, Plaintiff still fails to plead sufficient facts, in accordance with federal pleading standards, supporting an essential element of his asserted claim—*i.e.*, that Hawx's call to Plaintiff was a "telephone solicitation."

Section 227(c) of the TCPA, on its face, indisputably "relates solely to telemarketing and solicitation calls." *Warnick v. Dish Network LLC,* 301 F.R.D. 551, 558 fn. 3 (D. Colo. 2014). Thus, to survive dismissal here, Plaintiff must plead sufficient non-conclusory facts suggesting his receipt of a "telephone solicitation," which is defined in the TCPA's related implementing regulations as "the initiation of a telephone call or message for the *purpose of encouraging the purchase or rental of, or investment in, property, goods, or services*…." 47 C.F.R. § 64.1200(f)(15) (emphasis added).

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -    HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

Along these lines, federal courts in the Ninth Circuit and elsewhere have dismissed bald TCPA DNC claims, like the one at bar, where the plaintiff fails to plead sufficient actual facts about the content of the calls at issue, beyond naked conclusory allegations or simply parroting the statutory text, demonstrating that those calls received fit this definition. *See, e.g., Dahdah v. Rocket Mortgage LLC*, 2023 WL 5941730, at \*3 (E.D. Mich. Sept. 12, 2023) (dismissing DNC claim where plaintiff did not sufficiently allege the content of the calls and receipt of an actionable telephone solicitation) (citing, *inter alia, Katz v. CrossCountry Mortg., LLC*, 2022 WL 16950481, at \*6 (N.D. Ohio Nov. 15, 2022)); *Nicholas Greene v. Select Funding, LLC*, 2021 WL 4926495, at \*5 (C.D. Cal. Feb. 5, 2021) (dismissing where plaintiff did not allege the content of the calls "that would allow the Court to reasonably infer" they were actionable telephone solicitations). That is all Plaintiff's FAC still offers here, however.

In this case, Plaintiff still alleges virtually no content of the alleged violative calls in his FAC, such that this Court could reasonably determine whether they were actually "telephone solicitations" as required by the TCPA. Rather, Plaintiff alleges **only** that the "caller" attempted to "solicit" him to "purchase Hawx's pest control services." Dkt. 11 ¶¶ 32, 36.  This allegation is plainly insufficient. For example, in *Gillam v. Reliance First Cap.*, the court found that the allegation that an agent of the defendant "solicited refinancing products" in a telephone call was insufficient to state a claim. 2023 WL 2163775, at \*3 (E.D.N.Y. Feb. 22, 2023). The court dismissed the complaint, and held that when "faced with similarly deficient complaints, courts within and outside of this Circuit have dismissed the complaints[.]" *Id.*  As explained by a district court in the Ninth Circuit, where a plaintiff "does not describe the calls, but simply avers that the calls were made 'for the purposes of soliciting for [Defendant's] products or services'. . .This is nothing more than a conclusion, which *Twombly* specifically prohibits." *Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at \*3 (D. Ariz. Feb. 15, 2017) (holding that "'[w]ithout further factual enhancement,' Plaintiff's allegation that the calls were unsolicited advertisements is insufficient to survive a motion dismiss.").  The same dismissal is compelled here, where Plaintiff **only** alleges that Hawx "attempted to solicit Mr. Bell again to purchase pest control services."  Dkt. 11 ¶ 36.  These supporting facts, *i.e.*, the contents of Hawx's alleged calls with Plaintiff, are within Plaintiff's

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

1  knowledge and could easily be pled; that they were not is telling, and this requires dismissal of

2  Plaintiff's DNC claim.

3  **II.      Plaintiff Also Lacks Article III Standing to Seek Injunctive Relief.**

4        Again, to establish Article III standing to seek injunctive relief in *any* federal case, Plaintiff

5  must plead plausible facts suggesting an imminent possible future injury to himself. *See, e.g., Jones*,

6  2017 WL 3617104, at *4; *see also Steel*, 523 U.S. at 108-09 (a "generalized interest in deterrence"

7  is insufficient to demonstrate standing for injunctive relief); *Susan B. Anthony List v. Driehaus*, 573

8  U.S. 149, 158 (2014) (to have standing for injunctive relief, plaintiffs adequately plead "the

9  threatened injury is 'certainly impending,' or [that] there is a 'substantial risk' that the harm will

10  occur."). Failure to allege such facts warrants dismissal under Rule 12(b)(1), as the Court lacks

11  subject matter jurisdiction to grant such relief due to a lack of standing. *See, e.g., Miller*, 2016 WL

12  7471302, at *2-4 (dismissing request for injunctive relief in TCPA case on this basis); *Assurance*

13  *IQ LLC*, 2023 WL 6622415, at *4–5; *Schaevitz*, 437 F. Supp. 3d at 1251-52 (same).

14        Here, Plaintiff's FAC still only makes generalized requests for injunctive relief based on

15  pure speculation (*see, e.g.*, Dkt. 11 ¶¶ 49, 51, 69 and Prayer) and yet Plaintiff does not allege any

16  facts suggesting that he is at "imminent" risk of "future harm" by Hawx, as is required to demonstrate

17  Article III standing for injunctive relief, in federal TCPA cases or any others. *TransUnion LLC v.*

18  *Ramirez*, 594 U.S. 413, 435 (2021). In other words, Plaintiff alleges nothing suggesting there is an

19  "imminent," "certainly impending" or "substantial risk" (not just a possible or hypothetical risk) he

20  will receive a violative call from Hawx in the near future. *See TransUnion  LLC* and *Driehaus*,

21  *supra*. Nor can he, as Plaintiff claims that he received only ***two calls on the same day (about one***

22  ***hour apart) from Hawx over six months ago***. That could hardly be called a "certainly impending"

23  or "substantial" risk of future injury. Thus, if the entire FAC is not dismissed, Plaintiff's requests

24  for injunctive relief should at least be dismissed under Rule 12(b)(1) on standing grounds.

25  **III.      Plaintiff's FAC Should Be Dismissed With Prejudice.**

26        As one district judge in the Ninth Circuit noted in a TCPA case, "Plaintiff already has

27  amended his [original] Complaint once in an attempt to remedy the precise infirmit[ies] at issue [in

28  this Motion], but failed to do so"; thus, any "further amendment would be futile" and dismissal

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

with prejudice is appropriate. *Jovanovic v. SRP Invs. LLC,* 2021 WL 4198163, at \*4 (D. Ariz. Sept. 15, 2021) (citing *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)). *See also Frame v. Cal-W. Reconveyance Corp.,* 2011 WL 3876012, at \*3 (D. Ariz. Sept. 2, 2011) (dismissing with prejudice where "despite the benefit and existence of fully-briefed motions to dismiss, [p]laintiff's First Amended Complaint fail[ed] to cure the deficiencies noticed in [d]efendants' prior motions").

Here, Hawx Services already submitted a detailed dispositive motion with respect to his original complaint, outlining many of the same fatal pleading defects above. *See generally* Dkt. 9. Plaintiff did not sufficiently amend his pleading to cure all those defects, many of which were carried over to his FAC. If Plaintiff had any more actual facts he could allege to bring his pleading into compliance with federal pleadings standards or to show his standing to seek injunctive relief, he could (and indeed should) have pled them by now. That he did not leads to but one conclusion: those facts do not exist and amendment would be futile. Therefore, the entire FAC should be dismissed with prejudice.

## IV.    **Alternatively, Plaintiff's Faulty Class and Other Allegations Should Be Stricken Under Fed. R. Civ. P. 12(f) and 23**

In the event Plaintiff's fatally flawed TCPA claim survives dismissal under Rule 12(b)(6) (and it should not, for all the reasons above) the Court should nevertheless strike Plaintiff's facially deficient allegations pursuant to Rules 12(f) and/or 23 for at least the following reasons:

### A.    **Certain Allegations are Immaterial, Impertinently Scandalous, and Unduly Prejudicial under Rule 12(f)**

Under Rule 12(f), this Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" matter "has no essential or important relationship to the claim for relief . . . being pleaded," whereas "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527 (9th (quoting 5 FED. PRAC. & PROC. § 1382, at 706-07 (1990)), reversed on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Along these lines, certain federal courts, including in the Ninth Circuit, have correctly recognized that "'[s]uperfluous historical allegations are a proper subject of a motion to strike.'" *Woo*, 2007 WL 6624925, at \*5 (quoting *Fantasy*, 984 F.2d

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

at 1527). Such superfluous historical allegations may include, as relevant in this case, allegations about unauthenticated and unadjudicated complaints in other cases or anonymous internet complaints. *See, e.g., In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1226 (C.D. Cal. 2013) (citing *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009)); *Maine State Retirement Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689, at *20 (C.D. Cal. May 5, 2011); *McReynolds v. Lowe's Cos. Inc.*, 2008 WL 5234047, at *7 (D. Idaho Dec. 12, 2008).

Here, Paragraphs 29 and 41-42 of the FAC contains such improper allegations and, thus, should be stricken in their entirety under Rule 12(f). Indeed, Plaintiff alleges that "[o]ther consumers have made online complaints about Hawx's calling practices." Dkt. 11 ¶ 41. In reality, Plaintiff cites only <u>one</u> "complaint" from a third party website posted by an anonymous source (conveniently posted after he initiated this lawsuit) (*see id.* ¶ 42); and this cherry-picked "complaint" reflects unsubstantiated internet-based chatter, at best, about calls to other consumers from or on behalf of Hawx and involving different facts that are irrelevant, immaterial, and have no bearing on this case.[1] Similarly, Paragraph 29 refers to a different lawsuit against Hawx, where Hawx was not adjudicated to have violated the TCPA or any other law, involving different claims, parties, and alleged facts. These easily fit the definition of "superfluous historical allegations" and they are improper.

As such, paragraphs 29 and 41-42 of the FAC should be entirely stricken under Rule 12(f). *See, e.g., Hicks v. Alarm.com Inc.,* 2020 WL 9261758, at *5-6 (E.D. Va. Aug. 6, 2020) (striking similar allegations in a TCPA case); *see also Gallegos v. Roman Catholic Archbishop of San Francisco*, 2016 WL 3162203, at *5 (N.D. Cal. June 7, 2016) (striking irrelevant under Rule 12(f) "involving a different plaintiff, and different underlying events"); *see also Fisher v. Alarm.com Holdings, Inc.,* 2018 WL 5717579, at *3 (N.D. Ill. Nov. 1, 2018) (stating that allegations involving defendant's alleged conduct in an unrelated case did nothing to support an inference that defendant

---

[1] In any event, if this allegation is not stricken from the FAC, the assertions therein undermine Plaintiff's claim that Hawx's calls to consumers are unsolicited. The screenshot alleged by Plaintiff reflects that the user *initiated* contact with Hawx. *See* Dkt. 11 ¶ 42 ("I had contacted [Hawx Services] through thumbtack. . .").

1    was liable in the case at bar).

2    **B.    Alternatively, the Court Should Strike Plaintiff's Facially Uncertifiable Class and Other Improper Allegations Under Rules 12(f) and/or 23.**

3

4    Additionally, and in the alternative, should Plaintiff's fatally-flawed TCPA claim somehow

5    survive dismissal, the Court should nevertheless strike Plaintiff's faulty class allegations under

6    Rules 12(f) and/or 23. The function of a Rule 12(f) motion such as this is "to avoid the expenditure

7    of time and money that must arise from litigating spurious issues by dispensing with those issues

8    prior to trial." *Whittlestone, Inc.*, 618 F.3d at 973. Regarding class certification, the Supreme Court

9    has observed that "[s]ometimes the issues are plain enough from the pleadings to determine whether

10   the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and

11   sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on

12   the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Thus, a court

13   may "strike class allegations prior to discovery if the complaint demonstrates that a class action

14   cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also*

15   Fed. R. Civ. P. 23(d)(1)(D) (In a class action, a court may "require that the pleadings be amended

16   to eliminate allegations about representation of absent persons and that the action proceed

17   accordingly."). This Court should strike Plaintiff's class allegations here for at least two reasons:

18   *a.    Plaintiff's Proposed Class Definition is Impermissible "Fail Safe"*

19   As an initial defect, Plaintiff's proposed class definition (*see* Dkt. 11 ¶ 57) remains improperly

20   pled as "fail-safe." A class definition is impermissibly "fail-safe" where, as here, "a court must make

21   a determination of the merits of the individual claims to determine whether a person is a member of

22   the class." *Hanni v. Am. Airlines, Inc.*, 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010). *See also*

23   *Kamar v. Radioshack Corp.*, 375 F.App'x 734, 736 (9th Cir. 2010) (defining fail-safe classes). Along

24   those lines, Eule 12(f) motions to strike proposed fail-safe class definitions are routinely granted in

25   TCPA cases, at the pleadings stage, in this Circuit. *See, e.g.*, *Pepka*, 2016 WL 8919460, at *3 (striking

26   fail-safe TCPA class definition where it would require the Court to engage in an improper merits

27   determination to determine membership); *Dixon v. Monterey Fin. Servs., Inc.*, 2016 WL 4426908,

28   at *2 (N.D. Cal. Aug. 22, 2016) (same); *Salaiz v. eHealthInsurance Srvs., Inc.*, 2023 WL 2622138,

1   at *5 (N.D. Cal. Mar. 22, 2023) (same); *Tomaszewski v. Circle K Stores Inc.,* 2021 WL 2661190, at

2   *2–3 (D. Ariz. Jan. 12, 2021) (same).

3       As applied here, Plaintiff's proposed class is impermissibly fail-safe because membership in

4   it depends on the merits of the members' underlying claims. Indeed, the proposed class is defined to

5   include "all persons" in the U.S. "whose telephone number [Hawx] placed two or more telemarketing

6   calls in a 12-month period when the telephone number to which the telephone calls were made was

7   on the National [DNC] Registry for more than 30 days at the time of the calls from four (4) years

8   prior to the filing of the Complaint." Dkt. 1, ¶ 57. To determine who is a member of the proposed

9   class as pleaded, therefore, the Court would have to determine issues going directly to the heart (the

10  core elements) of Plaintiff's claim, such as, as explained *supra,* whether (i) the class member received

11  an actionable "telephone solicitation" and (ii) they used their phone for "residential" purposes.

12      Furthermore, the Court would also need to make a merits-based determination as to whether

13  the alleged class member registered their own number at issue on the DNC Registry, rather than a

14  third party, as is also required to bring a DNC claim. *See, e.g., Rombough v. Robert D. Smith Ins.*

15  *Agency, Inc.,* 2022 WL 2713278, at *2-4 (N.D. Iowa June 9, 2022) (thoroughly analyzing § 227(c),

16  dismissing claim *with prejudice* under Rule 12(b)(6), and holding the "plain language provides no

17  distinction for a telephone number that had previously been registered on the national do-not-call

18  registry by someone else"); *Assurance IQ, LLC,* 2023 WL 2646468, at *4 (dismissing DNC claim,

19  in part, on this basis where two plaintiffs generally pled their numbers were registered on the Registry

20  but not who registered them, noting that "the numbers could have been registered by previous owners

21  of those numbers rather than by [p]laintiffs themselves" and that such "facts that are easily within the

22  knowledge of Plaintiffs and can be pleaded to remove any doubt about whether [p]laintiffs … actually

23  registered their own numbers on the DNC list"). These are core elements of any TCPA DNC claim

24  as shown above, and there is no objective way for this Court to determine who is a class member

25  given this proposed class, as pleaded, without getting deep into the proverbial "weeds" of the merits

26  and determining liability, making the proposed definition classically (if not hopelessly) fail-safe. As

27  such, it should be stricken on this basis alone. *See, e.g., Pepka* and *Dixon*, *supra*.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

b.    *Common Questions of Law and Fact Do Not Predominate.*

Plaintiff's proposed class definition should also be stricken because common questions of law and fact would not predominate. Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual member[s]." This means "common questions must be a significant aspect of the case that can be resolved for all members of the class in a single adjudication." Consequently, courts have widely recognized that class definitions that would require individualized factual and legal inquiries on the issues of consent and revocation of consent (among other factual and legal issues) are properly stricken at the pleadings stage, especially in TCPA cases. *See Revitch v. Citibank*, 2019 WL 1903247, at *4 (N.D. Cal. Apr. 28, 2019) (denying certification in TCPA case where "adjudicating whether or not members of the class consented to [the alleged] calls lack[ed] a common method of proof."); *Trenz v. On-Line Admins., Inc.*, 2020 WL 5823565, at *8 (C.D. Cal. Aug. 10, 2020) (decertifying TCPA class, noting "[t]he necessity of individual inquiries is a ***clear bar*** to class certification in TCPA matters") (emphasis added); *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) ("[T]he predominant issue of fact [in TCPA cases] is undoubtedly one of ***individual*** consent") (emphasis in original).

In this case, it is apparent that common questions of law and fact do not predominate and that individualized inquiries would be required. For example, while Plaintiff's proposed class does not directly use the word "consent," the TCPA's DNC provision only prohibits ***"telephone solicitations"*** as noted above. In that regard, a call does not qualify as a "telephone solicitation" where (among other things) the plaintiff gave their "prior express invitation or permission" – i.e., their ***consent*** — to receive the call. 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2) & (f)(15). Thus, the legal and factual issue of consent is inextricably intertwined with the proposed class here.

Indeed, though he is applying the wrong legal standard for consent involving DNC claims, Plaintiff alleges that Hawx contacted him "without his prior express written consent" (Dkt. 11 ¶ 64), and alleges that a common question of law and fact is whether "Defendant obtains prior express written consent." *Id.* ¶ 63(b). However, there are other (albeit vague and conclusory) allegations in Plaintiff's FAC suggesting that an unidentified third party or parties could have been involved in making the phone calls at issue and/or in obtaining consent to call to Plaintiff and the putative class

members, which actually undermines his class allegations. *See id.* ¶ 56 ("Hawx, directly, individually, jointly, ***and/or in concert with another, or through other persons, entities or agents acting on its behalf,*** conspired to, agreed to, contributed to, authorized, facilitated, assisted with, ratified, turned a blind eye to, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.") (emphasis added).

Assuming *arguendo* that Plaintiff is correct, how the different parties possibly involved in this case may have obtained "consent" may vary widely, as would how the putative class members may have provided their "consent" to those different third parties, or even the same party. The context and circumstances under which consumers might revoke their consent to the same entity or different entities, or whether their revocation was "clear" and unambiguous enough to be legally effective, can naturally vary by individual and entity too. *See, e.g.*, *Dolemba v. Kelly Servs., Inc.,* 2017 WL 429572, at *3 (N.D. Ill. Jan. 31, 2017) (dismissing under 12(b)(6) where plaintiff consented and did not clearly revoke consent); *Barnett v. Bank of Am., N.A.,* 2021 WL 2187950, at *5 (W.D.N.C. May 28, 2021). Therefore, whether any calls here were made without the "consent" of Plaintiff and the class members is <u>not</u> a common question of law or fact that can be resolved by generalized proof across the entire class in a single adjudication, and individualized inquiries into these key issues will be needed. This facial defect alone warrants striking Plaintiff's proposed class on predominance grounds. *See, e.g., Stokes*, 2015 WL 709201, at *4-6 (striking class allegations with prejudice that "require[d] individualized inquiries into each putative class member"); *Pepka,* 2016 WL 8919460, at *4 (striking class allegations, holding: "[T]he Court concludes the allegations here involve highly individualized inquiries regarding consent and revocation of consent. The class cannot be certified given these issues, and because discovery would not cure this defect striking the class allegations is proper.").

The same would be true for persons with an "established business relationship" with the caller, which is also context-dependent, can vary wildly by individual, and can also prevent calls from qualifying as "telephone solicitations" as required for a § 227(c) claim. 47 C.F.R. § 64.1200(c)(2); *see also* 47 C.F.R. § 64.1200(f)(5) (defining "established business relationship"). *See also Lindsay Transmission, LLC v. Office Depot, Inc.*, 2013 WL 275568, at *4-5 (E.D. Mo. Jan. 24, 2013) (granting

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

motion to strike, holding "the absence of prior consent and the absence of a prior business relationship" are individualized issues precluding certification in a TCPA case under Rule 23).

Individualized inquires will also be required here to determine whether each class member utilized their number for "residential" purposes—yet another key element of any DNC claim, as discussed above. *See, e.g., Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 135 (N.D. Tex. 2020) (questions such as residential status "require 'evidence that varies from member to member'"). As such courts have also denied class certification and/or stricken class allegations in TCPA cases on predominance grounds where individualized determinations of "revocation" or "residential" status would be required. *See, e.g., Eldridge v. Cabela's Inc.,* 2017 WL 4364205, at *7-11 (W.D. Ky. Sept. 29, 2017); *Cholly v. Uptain Grp., Inc.,* 2017 WL 449176, at *4 (N.D. Ill. Feb. 1, 2017); *Hirsch*, *supra*. Such is true here. Therefore, the proposed class should be stricken on this additional basis.

### c.    *Plaintiff's Remaining Class Allegations Are Superfluous.*

With Plaintiff's proposed class definitions properly stricken, all remaining "class allegations" in the FAC (*see, e.g.*, Dkt. 11 ¶¶ 57-72) are superfluous and immaterial and, thus, should also be stricken. *See, e.g., Flores*, 2019 WL 1934016, at *6 (striking "any reference to a class, Rule 23, or a class action" after dismissal of class claims); *Alan v. BrandRep, Inc.*, 2016 WL 10988679, at *3 (C.D. Cal. Nov. 28, 2016) (Rule "12(f) authorizes the Court to strike any redundant matter sua sponte.").

## CONCLUSION

For all the reasons above, Hawx Services, LLC's Motion should be granted, the FAC should be dismissed in its entirety, or alternatively the improper allegations identified above should be stricken, along with granting all other just and proper relief.

1

Dated: July 17, 2024

Respectfully submitted,

2

**MANATT, PHELPS & PHILLIPS, LLP**

3

4

By: */s/ John W. McGuiness*

   John W. McGuinness

5

   2049 Century Park East

   Los Angeles, California 90067

6

   E-mail: JMcGuinness@manatt.com

   Tel.: (202) 585-6540

7

*Counsel for Defendant*

8

*Hawx Services, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

HAWX SERVICES, LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FAC

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: July 17, 2024                                 Respectfully submitted,

                                                              By: */s/ John W. McGuinness*
                                                                    John W. McGuinness