Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRANK BELL**, *on behalf of himself and all others similarly situated*,<br><br>        *Plaintiff*,<br>   v.<br><br>**HAWX SERVICES, LLC**,<br><br>        *Defendant*. | Case No.: 2:24-cv-00825-DC-DMC<br><br>**SECOND AMENDED COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.	This action arises out of Defendant, Hawx Services, LLC's ("Hawx" or "Defendant") marketing practices that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.	Hawx makes telemarketing calls soliciting its pest control services, including but not limited to general pest treatment plans, outdoor pest treatment plans and terminate control treatment plans.

3.	These calls are made to individuals on the National Do-Not-Call Registry.

4.	The TCPA prohibits making telemarketing calls to individuals who have registered their telephone numbers on the National Do-Not-Call Registry.

5.      Accordingly, Mr. Bell brings this action on behalf of himself and a class of similarly situated individuals.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7.      This Court has jurisdiction over Hawx because Hawx conducts business transactions in this District and made calls into this District targeting residents of this District as part of the business it conducts in this District.

8.      Venue is proper in this District because Defendant targeted a resident of this District and called into this District and because some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

## PARTIES

9.      Plaintiff Frank Bell ("Mr. Bell") is, and at all times mentioned herein was, a citizen and resident of Corning, California.

10.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.     Hawx is, and at all times mentioned herein was a limited liability company organized and existing under the laws of the state of Utah with a principal place of business located at 550 S Depot Drive, Suite 1, Ogden, Utah 84404.

12.     Hawx does business as Hawx Pest Control.

13.     Hawx may be served via its registered agent Matthew Mehr located at 550 S Depot Drive, Suite 1, Ogden, Utah 84404.

14.     Hawx is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

1

2

3

4                                  **TCPA BACKGROUND**

5       15.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the

6 telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can

7 be an intrusive invasion of privacy[,]" and found that federal legislation was needed because

8 "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v.*

9 *Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

10      16.     Relevant here, the TCPA establishes a national "do not call" database of numbers

11 not to be called.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

12 *Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

13

14      17.     These regulations are codified at 47 C.F.R. §§ 64.1200(e)(1-2).[1]

15      18.     A company may not initiate any "telephone solicitation" to a telephone subscriber

16 "who has registered his or her telephone number on the national do-not-call registry of persons who

17 do not wish to receive telephone solicitations that is maintained by the Federal Government." 47

18 C.F.R. § 64.1200(c)(2).

19      19.     A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500

20 per call through § 227(c) of the TCPA.

21

22      20.     A person or entity can be liable for calls made on its behalf in violation of the TCPA,

23 even if that person or entity did not directly dial such calls.  *See, e.g., In re Rules & Regs.*

24 *Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules

25 generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility

26

27

---

[1] Though some of these requirements mention "residential" telephones, they were all extended to cover calls
28 to cellular telephones that are used for residential purposes. 47 CFR. § 64.1200(e).

3

for any [TCPA] violations").  In fact, in May 2013, the FCC issued a binding declaratory ruling

clarifying that sellers "may be held vicariously liable under federal common law principles of

agency for TCPA violations committed by third-party telemarketers . . . under a broad range of

agency principles, including not only formal agency, but also principles of apparent authority and

ratification."  *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling*

*Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

21.    Accordingly, an entity can be liable under the TCPA for a prohibited call made on

its behalf under a number of theories including vicarious liability.  Under those circumstances, the

seller is properly deemed to have initiated the call through the person or entity that actually placed

the call.

## FACTUAL ALLEGATIONS

22.    Mr. Bell is the user of his personal cellular telephone number (XXX)-XXX-7881.

23.    Ms. Bell's cellular telephone number (XXX)-XXX-7881 is used for residential

purposes and is not associated with a business.

24.    Mr. Bell uses his cellular telephone number (XXX)-XXX-7881 to communicate

with friends and family.

25.    Mr. Bell uses his cellular telephone number (XXX)-XXXX-7881 as his primary

means to communicate telephonically.

26.    Mr. Bell's cellular telephone number (XXX)-XXX-7881 has been on the National

Do-Not-Call Registry since November 7, 2014.

27.    Mr. Bell registered his cellular telephone number (XXX) XXX-7881 on the National

Do-Not-Call Registry because he did not want to receive unsolicited telemarketing calls like the

ones at issue here.

28.    On December 4, 2023 at 8:10 am, Hawx called Mr. Bell from telephone number (801) 689-3100.

29.    In a prior TCPA case against Hawx, Hawx admitted that telephone number (801) 689-3100 is one of Hawx's telephone numbers. *See Collins v. Hawx, LLC*, Civ. No. 1:21-cv-05401, Dkt. 12 at ¶ 35 (N.D. Ill. Dec. 20, 2021)

30.    When Mr. Bell answered the phone, the caller stated that he was with Hawx.

31.    Hawx also programed its caller ID to appear as "Hawx Services", which was automatically displayed on Mr. Bell's cellular telephone[2]:



32.    The caller attempted to solicit Mr. Bell to purchase Hawx's pest control services.

33.    The caller asked Mr. Bell if he was interested in Hawx's pest control services and began a scripted sales pitch, regarding Hawx's pest control products and services.

34.    Mr. Bell informed the caller that the call woke him up.

---

[2] Non-relevant call information was redacted in the above image.

35.     The caller seemed to laugh about waking Mr. Bell up, which upset him.

36.     Mr. Bell has no relationship with Hawx, was not on the market for pest control services, and had not inquired about pest control services with Hawx or any other servicer or provider.

37.     Mr. Bell advised the caller that he was not interested in Hawx's services and not to call again.

38.     Approximately one hour later, on December 4, 2023 at 9:11am, Hawx called Mr. Bell again from telephone number (801) 689-3100.

39.     The caller attempted to solicit Mr. Bell again to purchase pest control services.

40.     The caller began with a similar sales pitch as the prior call, regarding Hawx' pest control products and services.

41.     Mr. Bell stopped the caller in his sales pitch and again advised the caller that he was not interested and asked why Hawx called him again after he requested not to be contacted.

42.     The representative advised that he could not control the calling because he was using an autodialer.

43.     Upon information and belief, Hawx directly places the calls itself and is the subscriber to, and user of, telephone number (801) 689-3100.

44.     For example, the popular robocall website www.nomorobo.com includes recordings of calls from telephone number (801) 689-3100 in which the callers directly state they are "with Hawx Pest Control."[3]

---

[3] *See* www. www.nomorobo.com/lookup/801-689-3100 (last accessed June 12, 2024).



45.     Other consumers have made online complaints about Hawx's calling practices and have identified telephone number (801) 689-3100 as belonging to Hawx.

46.     For example, on the home improvement referral website www.thumbtack.com, user "Em M." gave Hawx a 1 star review because of Hawx aggressive telemarketing practices:



47.    Upon information and belief, Hawx owns and operates its own call center and places its sales calls from its own call center.[4]

48.    Hawx's violations were, at a minimum, negligent.

49.    Alternatively, Hawx's violations were willful and knowing because Hawx knew that Mr. Bell's telephone number was registered on the National Do-Not-Call registry and called him anyway, despite having no prior business relationship.

50.    Upon information and belief, Hawx' policy is to scrub its call/lead lists against the National Do-Not-Call Registry before making calls and Hawx will not call numbers on the National Do-Not-Call regardless of how it acquires these numbers.

51.    Had Hawx complied with its own policy, Hawx should never have called Mr. Bell in the first place.

52.    Hawx has been a defendant in other TCPA lawsuits.  *See, e.g., Collins v. Hawx, LLC*, Civ. No. 1:21-cv-05401 (N.D. Ill.);

53.    Mr. Bell is at risk of receiving future calls from Hawx because it does not follow its own policies and procedures relating to scrubbing telephone numbers that are on the National Do-

---

[4] Individuals on the popular social media website, LinkedIn, identify their employment as call center representatives at Hawx. *See, e.g.,* https://www.linkedin.com/in/gracie-foutch-89a97b208/ (last accessed June 12, 2024).

8

Not-Call Registry and because a Hawx representative admitted to Mr. Bell that they can not control their calling because Hawx uses automated dialing systems.

54.     Mr. Bell and the classes were damaged by the violations alleged herein. In addition to using their cellular data, storage, and battery life, they suffered an invasion of privacy, aggravation, annoyance, frustration, distraction, intrusion upon seclusion, and violations of their substantive statutory rights under the TCPA to remain free of unsolicited calls.  Their privacy was improperly invaded, the Hawx calls temporarily seized and trespassed upon the use of their phones, and/or they were forced to divert attention away from other activities, including work, family, and personal activities, to address the unwanted telephone calls.  Hawx's telephone calls were annoying and a nuisance and wasted the time of Mr. Bell and the class members.  *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

55.     Because Mr. Bell and Class Members received calls from Hawx, on their DNC registered numbers, it demonstrates the need for judicial intervention and injunctive relief to enjoin any continued and future harm.

## DEFENDANT'S LIABILITY

56.     Hawx used automated systems to make outbound telephonic sales calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

57.     Hawx made two or more telephone solicitations to Mr. Bell, whose number was on the National Do-Not-Call Registry at the time of the telephone calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

58.     Accordingly, for violations of 47 C.F.R. § 64.1200(c), Mr. Bell is entitled to $500 per call through 47 U.S.C. § 227(c).

59.     Mr. Bell is entitled to $1,500 per call if Hawx's actions are found to be knowing or willful.

60.     Hawx, directly, individually, jointly, and/or in concert with another, or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, facilitated, assisted with, ratified, turned a blind eye to, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings this action under Fed. R. Civ. P. 23(b)(3) on behalf of a proposed "Class," as defined as follows:

> Plaintiff and all persons within the United States to whose telephone number Defendant placed two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint.

(the "DNC Class")

62.     Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

63.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

64.     The Defendant's records will reveal the precise number of class members.

65.     The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

      a.   The time period(s) during which Defendant made the telephone calls;

      b.   The telephone numbers to which Defendant made telephone calls;

      c.   The telephone numbers for which Defendant had prior express written consent;

      d.   The purposes of such telephone calls; and

      e.   The names and addresses of Class members.

66.     The Class is comprised of hundreds, if not thousands, of individuals.

67.     There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

      a.   Whether Defendant makes telemarketing calls;

      b.   Whether Defendant obtains prior express written consent;

      c.   Whether Defendant or the entities with which it contracts make solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

      d.   Whether Defendant had "prior express consent" under the TCPA to call the cell phone numbers of Plaintiff and Class Members;

      e.   Whether Defendant's statutory violations were willful and knowing; and

      f.   Whether Defendant should be enjoined from engaging in such conduct in the future.

68.     Plaintiff is a member of the Class in that Defendant placed two or more calls for telemarketing purposes, in a one-year period to his telephone number, without his prior express written consent, while his telephone number was on the National Do-Not-Call Registry.

69.     Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

70.     Plaintiff and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

11

71.     Plaintiff has no interests antagonistic to, or in conflict with, the Class.

72.     Plaintiff is an adequate representative of the Class and will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent him and the Class.  Plaintiff is prepared to participate in discovery and depositions and otherwise fulfill his obligations as a class representative.

73.     Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

74.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

75.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

76.     Common questions will predominate, and there will be no unusual manageability issues.

///

**CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Class)**

77.     Defendant made telephone solicitations to Plaintiff's and putative Class Members' telephone numbers as set forth above.

78.     Plaintiff's and putative Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

79.     Plaintiff and putative Class Members each received two or more such calls in a 12-month period.

80.     Plaintiff and putative Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

81.     Plaintiff and putative Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C.     An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.     An award of statutory damages;

E.     An award of treble damages; and

F.     Such other and further relief that the Court deems reasonable and just.

1

**JURY DEMAND**

2

Plaintiff requests a trial by jury of all claims that can be so tried.

3

Dated: September 16, 2025                    Respectfully Submitted,

4

*/s/ Todd M. Friedman, Esq.*
5                                                          Todd M. Friedman
                                                          Law Offices of Todd M. Friedman
6                                                          One of Plaintiff's Attorneys

7
/s/ Max S. Morgan, Esquire*
8                                                          Max S. Morgan
                                                          THE WEITZ FIRM, LLC
9                                                          1515 Market Street, #1100
                                                          Philadelphia, PA 19102
10                                                         Tel: (267) 587-6240
                                                          Fax: (215) 689-0875
11                                                         max.morgan@theweitzfirm.com
                                                          (*admitted pro hac vice)
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

**CERTIFICATE OF SERVICE**

Filed electronically on this 16th day of September, 2025, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Dena Coggins
United States District Court
Eastern District of California

And All Counsel of Record As Recorded On The Electronic Service List.


This 16th day of September, 2025

s/Adrian R. Bacon, Esq.
Adrian R. Bacon