IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BELL, | No. 2:24-CV-0825-DC-DMC |
| Plaintiff, | |
| v. | ORDER |
| HAWX SERVICES, LLC., | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (TCPA). Pending before the Court is Plaintiff's motion for early discovery. See ECF No. 31. Defendant has filed an opposition. See ECF No. 34. Plaintiff has filed a reply. See ECF No. 37. The Court determines that Plaintiff's motion, which is fully briefed, is suitable for decision without oral argument. See E. Dist. Cal. Local Rule 230(g). Accordingly, the hearing on Plaintiff's motion set before the undersigned in Redding, California, on January 7, 2026, will be vacated. For the reasons discussed below, Plaintiff's motion for early discovery will be denied.

/ / /

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on March 8, 2024. See ECF No. 1. Defendant responded by way of a motion to dismiss filed on June 10, 2024. See ECF No. 9. Plaintiff filed his first amended complaint as of right on June 19, 2024. See ECF No. 10. On June 24, 2024, the District Judge issued an order denying Defendant's motion to dismiss as having been rendered moot by the timely filing of Plaintiff's first amended complaint. See ECF No. 11. The District Judge also referred the case to the undersigned for a scheduling conference. See id.

On July 17, 2024, Defendant moved to dismiss Plaintiff's first amended complaint. See ECF No. 15. On September 3, 2025, the District Judge issued a decision. See ECF No. 25. The District Judge concluded:

> [T] court finds Plaintiff has not sufficiently pled that he received a telephone solicitation within the meaning of the TCPA. Although Plaintiff argues in his opposition that he has sufficiently pled facts to allege that telephone solicitations in violation of the TCPA occurred (Doc. No. 17 at 12, 15), Plaintiff provides no details in his FAC regarding the content of the two calls he received on December 4, 2023. Instead, Plaintiff simply alleges that Defendant "attempted to solicit [Plaintiff] to purchase Hawx's pest control services." (Doc. No. at 11 ¶¶ 32, 36.) While Plaintiff is not required to provide a line-by-line transcript of the telephone calls in question, he is still required to provide more than a conclusory statement that Defendant attempted to solicit him. *See Eggleston v. Reward Zone USA LLC*, No. 20-cv-01027-SVW-KS, 2022 WL 886094, at *6–7 (C.D. Cal. Jan. 28, 2022) (finding plaintiff's reliance on conclusory labels such as advertisement and promotion, without any supporting factual detail, was insufficient to state a plausible claim that defendant's messages constituted telephone solicitations under *Iqbal*.)

ECF No. 25, pg. 6.

Plaintiff was granted leave to file a second amended complaint. See id. at 9 (stating "although Plaintiff has already amended his complaint, the court is not convinced that his TCPA claim cannot possibly be cured by pleading additional facts"). Plaintiff filed his second amended complaint on September 16, 2025. See ECF No. 26.

Defendant filed a motion to dismiss the second amended complaint on October 28, 2025. See ECF No. 29. On November 5, 2025, the District Judge determined that Defendant's motion would stand submitted without oral argument upon completion of briefing. See ECF No. 30. Plaintiff filed his opposition brief on November 11, 2025, see ECF No. 33, and Defendant

1   filed its reply on November 21, 2025, see ECF No. 36.  The matter is pending before the District
2   Judge.
3          On November 6, 2025, Plaintiff filed his motion for early discovery.  See ECF No.
4   31.  Plaintiff improperly noticed a hearing before the District Judge, which the District Judge
5   vacated with instructions that the motion be noticed before the assigned Magistrate Judge
6   consistent with the local rules.  See ECF No. 35.  Plaintiff re-noticed his motion on November 26,
7   2025.  See ECF No. 38.  By that time, the parties had completed briefing on the motion, which
8   now stands submitted before the undersigned.
9
10         **II.  DISCUSSION**
11         Plaintiff seeks an order permitting early discovery prior to the parties' initial
12  conference pursuant to Federal Rule of Civil Procedure 26(f).  See ECF No. 31.
13         As the parties both acknowledge, they are generally not entitled to engage in
14  discovery prior to a Rule 26(f) conference.  See Fed. R. Civ. P. 26(d)(1).  The Court may,
15  however, permit early discovery on a showing of good cause.  See Fluke Elecs. Corp. v. CorDEX
16  Instruments, 2013 WL 566949, at *10 (W.D. Wash. 2013) ("Courts within the Ninth Circuit
17  generally use a 'good cause' standard to determine whether to permit discovery prior to a Rule
18  26(f) conference"); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D.
19  Cal. 2002); see also Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).
20         Contrary to Plaintiff's assertion that early discovery is routinely granted – a
21  proposition Plaintiff cites no authority to support – permitting early discovery deviates from the
22  normal practice under the Federal Rules of Civil Procedure and is an extraordinary form of relief.
23  See Am. LegalNet, Inc., 637 F. Supp. 2d at1066 (citing Merrill Lynch, Pierce, Fenner & Smith v.
24  O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000)).  To obtain early discovery, the moving party
25  must show that "the need for expedited discovery, in consideration of the administration of
26  justice, outweighs the prejudice to the responding party."  See Am. LegalNet, Inc., 637 F. Supp.
27  2d at1066 (citing In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179
28  (C.D. Cal. 2008)).

3

In his motion for early discovery, Plaintiff asks the Court to permit him to issue two specific requests for production. See ECF No. 31, pg. 6. First, Plaintiff seeks "recordings and/or transcripts of the calls Defendant placed to Plaintiff." Id. Second, Plaintiff seeks "a copy of the complete script used by the Defendant on such calls." Id. Plaintiff offers the following justification for this Court to deviate from the normal practice under the federal rules and grant early discovery:

> . . .Indeed, Plaintiff has offered to dismiss the case if Defendant provides Plaintiff with evidence that the calls were not for a telemarketing purpose, as Defendant has suggested. If Defendant's representations are accurate, this case will be disposed of without the need for the Court to rule on yet another one of Defendant's motions to dismiss and will conserve the resources of the Parties and the Court. . . . Plaintiff should not be penalized because he did not record the call himself or make a record of *exactly* what words were used by the telemarketer on the calls. There is likely minimal burden to Defendant to produce these records at this early stage. . . .

Id. at 7-8.

Considering Plaintiff's justification for early discovery, the Court finds that Plaintiff has not established good cause to deviate from the normal practice under the Federal Rules of Civil Procedure.

The crux of Plaintiff's argument is that early discovery is needed to survive Defendant's motion to dismiss, which is fully briefed and before the District Judge for decision. As outlined above, the District Judge previously concluded that Plaintiff's first amended complaint failed to state a claim under the TCPA. In particular, the District Judge found "Plaintiff provides no details. . .regarding the content of the two calls he received on December 4, 2023," noting "[i]nstead, Plaintiff simply alleges that Defendant 'attempted to solicit [Plaintiff] to purchase Hawx's pest control services.'" ECF No. 25, pg. 6. The District Judge also determined that Plaintiff was entitled to leave to amend because "the court is not convinced that his TCPA claim cannot possibly be cured by pleading additional facts." Id. at 9.

///

///

///

4

Plaintiff asserts that, absent the recordings, or at least transcripts, of the two calls at issue, as well as any script used by the person or persons making the calls, Plaintiff will be "penalized." ECF No. 31, pg. 8. The Court does not agree. As outlined by the well-established caselaw and the District Judge, Plaintiff's task in presenting his second amended complaint was to assert details of the calls beyond conclusory assertions consistent with the TCPA. The District Judge specifically stated that Plaintiff is <u>not</u> required to provide a "line-by-line transcript of the telephone calls in question." ECF No. 25, pg. 6. The early discovery Plaintiff now requests – in essence line-by-line transcripts – is simply not required to adequately plead his TCPA claim. Whether Plaintiff's second amended complaint does so as currently pleaded is a question before the District Judge, and a question as to which the undersigned expresses no opinion.

Though Defendant does not argue as to any specific prejudice it might sustain should early discovery be permitted, the Court identifies the potential for prejudice stemming from delay in final resolution of the fully briefed motion to dismiss now before the District Judge. If early discovery is permitted, time will need to be afforded to serve and respond to such discovery. There is also the potential of additional time and effort associated with informal discovery conferences and formal motions to compel should Plaintiff not be satisfied with Defendant's discovery responses. During all this time, Defendant's motion to dismiss would remain undecided and the case at a stand-still on the path to resolution on the merits. This potential for prejudice, when coupled with the lack of need for the early discovery Plaintiff seeks, further weighs in favor of denying Plaintiff's motion.

More specifically as to additional motions practice associated with the early discovery Plaintiff now seeks, there is no indication that the transcripts and/or recordings and scripts Plaintiff seeks exist. Plaintiff's suggestion that there is no burden on Defendant to produce evidence it presumably has is speculative and not supported by any evidence before the Court on the pending motion for early discovery. In the same realm of speculation, Defendant could interpose objections based on any number of possible bases which will lead to further motions practice, a delay in resolution of Defendant's motion to dismiss, and a delay in resolution of Plaintiff's claim on the merits.

Finally, the Court has considered the administration of justice.  In this regard, Plaintiff posits that granting his motion will save the Court time.  For the reasons discussed above, there is a possibility of precisely the opposite.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. The hearing set for January 7, 2026, at 10:00 a.m., in Redding, California, is VACATED.

2. Plaintiff's motion for early discovery, ECF No. 31, is DENIED.

Dated:  December 18, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE