UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK BELL,<br>Plaintiff,<br>v.<br>HAWX SERVICES, LLC<br>Defendant. | No. 2:24-cv-00825-DC-DMC<br><u>ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE</u><br>(Doc. No. 29) |

This matter is before the court on Defendant Hawx Services, LLC's motion to dismiss Plaintiff Frank Bell's second amended complaint ("SAC"), or in the alternative, motion to strike certain improper allegations. (Doc. No. 29.) The pending motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. No. 30.) For the reasons discussed below, the court will deny Defendant's motion to dismiss, and grant in part Defendant's alternative motion to strike.

**BACKGROUND**

On March 18, 2024, Plaintiff filed his original complaint bringing a single claim on behalf of himself and a putative class against Defendant for violating 47 U.S.C. § 227(c) of the Telephone Consumer Protection Act ("TCPA"). (Doc. No. 1.) On June 10, 2024, Defendant filed a motion to dismiss Plaintiff's original complaint. (Doc. No. 9.) The court did not substantively address Defendant's motion, however, because Plaintiff filed a first amended complaint ("FAC")

as a matter of course pursuant to Federal Rule of Civil Procedure 15 on June 19, 2024, and the court accordingly denied the motion to dismiss as moot. (Doc. Nos. 11, 12.)

In his FAC, Plaintiff again brought a single claim for damages on behalf of himself and a putative class alleging Defendant violated the TCPA. (*Id*.) Additionally, Plaintiff requested injunctive relief to enjoin Defendant from causing "any continued and future harm" to him and the putative class. (*Id*. at 9, 11, 13.) On July 17, 2024, Defendant filed a motion to dismiss or, in the alternative, to strike certain allegations in Plaintiff's FAC. (Doc. No. 15.) Specifically, Defendant asserted Plaintiff failed to plead facts to support his TCPA claim, and that he lacks Article III standing to seek injunctive relief. (*Id*.) On September 3, 2025, the court issued an order granting in part Defendant's motion to dismiss the FAC with leave to amend. (Doc. No. 25.) Therein, the court found Plaintiff had adequately alleged Article III standing to seek injunctive relief but had not sufficiently alleged his TCPA claim. (*Id*. at 4–8.) The court granted Plaintiff leave to amend his complaint to plead additional facts to support his TCPA claim. (*Id*. at 9.) On September 16, 2025, Plaintiff filed the operative SAC on behalf of himself and a putative class through Federal Rule of Civil Procedure 23(b)(3). (Doc. No. 26.)

In his SAC, Plaintiff alleges that since November 7, 2014, his cell phone number has been on the National Do Not Call ("DNC") registry. (Doc. No. 26 at ¶ 26.) According to Plaintiff, his cell phone number is not associated with a business. (*Id*. at ¶ 23.) Instead, Plaintiff states his cell phone number is used for residential purposes, namely, to communicate with friends and family. (*Id*. at ¶¶ 23–24.)

On December 4, 2023, at 8:10 a.m., Plaintiff received a call from the telephone number (801) 689-3100 identifying "Hawx Services" as the caller. (*Id*. at ¶¶ 28, 31.) When Plaintiff answered, the caller stated that he was with Defendant. (*Id*. at ¶ 30.) "The caller asked [Plaintiff] if he was interested in [Defendant's] pest control services and began a scripted sales pitch, regarding [Defendant's] pest control products and services." (*Id*. at ¶ 33.) In response, Plaintiff informed the caller that the call had woken him up causing the caller to laugh. (*Id*. at ¶¶ 34–35.) Plaintiff advised the caller that he was not interested in Defendant's services and not to call again. (*Id*. at ¶ 37.) Plaintiff contends that he had no relationship with Defendant, was not in the market

for pest control services, and had not inquired about pest control services with Defendant or any other servicer or provider. (*Id.* at ¶ 36.)

Approximately one hour later, on December 4, 2023, at 9:11 a.m., Defendant called Plaintiff from the same telephone number. (*Id.* at ¶ 38.) When Plaintiff answered, "[t]he caller began with a similar sales pitch as the prior call, regarding [Defendant's] pest control products and services." (*Id.* at ¶ 40.) Plaintiff stopped the caller and again advised the caller that he was not interested. (*Id.* at ¶ 41.) Plaintiff also asked the caller why Defendant called him again after he requested not to be contacted. (*Id.*) In response, the caller advised Plaintiff that he could not control the calling because he was using an autodialer. (*Id.* at ¶ 42.)

On October 28, 2025, Defendant filed the pending motion to dismiss Plaintiff's SAC or in the alternative, motion to strike certain allegations as improper. (Doc. No. 29.) On November 11, 2025, Plaintiff filed an opposition to Defendant's motion and a request for the court to take judicial notice of an online review by Defendant's marketing coordinator on a third-party's website.[1] (Doc. No. 33 at 14–22.) On November 21, 2025, Defendant filed a reply in support of its motion. (Doc. No. 36.)

## LEGAL STANDARDS

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim may be dismissed for lack of a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean*

---

[1] Pursuant to Federal Rules of Evidence 201(b), a court may take judicial notice of a fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). If a fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," it is "not subject to reasonable dispute." Fed. R. Evid. 201(b)(1)–(2). "As judicial notice is appropriate only for facts whose accuracy cannot reasonably [be] disputed, it is inappropriate for the [c]ourt to take judicial notice of facts on a webpage whose source and reliability are unknown." *Est. of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012). Accordingly, Plaintiff's request for judicial notice will be denied.

*Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). For purposes of a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1137, 1340 (9th Cir. 1995)). If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phx.*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

**B. Motion to Strike**

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Tevis v. Dyson Direct, Inc.*, No. 25-cv-00821-DJC-AC, 2025 WL 3539091, at *1 (E.D. Cal. Dec. 9, 2025) (citations omitted). A court may also strike class allegations at the pleading stage when the requirements of Federal Rule of Civil Procedure 23 are not met. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike the class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).

The purpose of a "motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v.*

*Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010).

"[S]triking the pleadings is considered 'an extreme measure,' and Rule 12(f) motions are, therefore generally 'viewed with disfavor and infrequently granted.'" *Fernandez v. CoreLogic Credco, LLC*, 593 F. Supp. 3d 974, 994 (S.D. Cal. 2022) (citations omitted). "Motions to strike class allegations are particularly disfavored because it is rarely easy to determine before discovery whether the allegations are meritorious." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016) (citations omitted). However, class allegations may be stricken when "it is clear from the face of the complaint that no class can be certified." *Id*. (citations omitted).

## ANALYSIS

In its motion, Defendant contends Plaintiff's SAC should be dismissed with prejudice because he fails to sufficiently allege he received a telephone solicitation in violation of TCPA. (Doc. No. 29 at 14–17.) In the alternative, Defendant contends the court should strike from his SAC "superfluous historical" allegations, faulty class definition and all other related class allegations from the SAC. (*Id*. at 2, 18–24.) The court first addresses the motion to dismiss, and then addresses the motion to strike.

### A. Defendant's Motion to Dismiss

The TCPA and its implementing regulations prohibit initiating "more than one telephone [solicitation] within any 12-month period" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . ." *Greene v. Select Funding LLC*, No. 20-cv-07333-RGK-KS, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021) (quoting 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2)). A telephone solicitation is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(15). TCPA's implementing regulations define a telephone solicitation to exclude calls made with consent or where there is an established business relationship between

the caller and the called party. *Id*. To assess whether a call qualifies as a "telephone solicitation," courts in the Ninth Circuit apply a "common sense" approach and consider the purpose of the call. *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012).

In its motion, Defendant contends Plaintiff's SAC should be dismissed on the same grounds as his FAC because he still has not provided more than a conclusory statement that Defendant attempted to solicit him. (Doc. No. 29 at 17.) The court disagrees. Plaintiff's SAC provides sufficient facts to support a claim that he received telephone solicitations from Defendant. In contrast to his insufficient FAC, in which Plaintiff did not describe the content of the alleged calls and merely alleged that Defendant attempted to solicit him "to purchase Hawx's pest control services," (Doc. No. 11 at ¶¶ 32, 36), in his SAC, Plaintiff "describe[s] the calls" he received from Defendant. (Doc. No. 26 at ¶¶ 28, 33, 37–38, 40.). Specifically, Plaintiff explains he received a call on December 4, 2023, at 8:10 a.m. from a caller that asked "if he was interested in [Defendant's] pest control services and began a scripted sales pitch, regarding [Defendant's] pest control products and services." (Doc. No. 26 at ¶¶ 28, 33.) At some point, Plaintiff advised the caller that he was not interested in Defendant's services and not to call again. (*Id*. at ¶ 37.) Approximately one hour later, at 9:11 a.m., Plaintiff alleges Defendant called him again from the same telephone number and used "a similar sales pitch as the prior call, regarding [Defendant's] pest control products and services." (*Id*. at ¶¶ 38, 40.) Plaintiff alleges he "stopped the caller in his sales pitch," and again advised him that he was not interested. (*Id*. at ¶ 41.)

Based on Plaintiff's representations that he received two calls from the same number beginning with a "scripted sales pitch," the court finds it reasonable to infer that Defendant made these alleged calls for the purpose of encouraging Plaintiff to purchase its pest control services. *See e.g., Sapan Bloom Ret. Holdings, Inc.*, No. 24-cv-01213-FWS-KES, 2025 WL 1718083, at *7 (C.D. Cal. Apr. 14, 2025) (concluding that multiple calls constituted a telephone solicitation when, among other reasons, the calls involved a sales pitch for defendant's reverse mortgage services).

Thus, the court concludes Plaintiff has adequately alleged these calls were "telephone solicitations" within the meaning of TCPA.

**B. Defendant's Motion to Strike**

Defendant also argues the court should strike Plaintiff's faulty class definition, related class allegations, and "superfluous historical" allegations from his SAC. (Doc. No. 29 at 17–24.)

1. <u>Class Definition and Class Allegations</u>

Defendant seeks to strike Plaintiff's class definition and related class allegations under Federal Rules of Civil Procedure 12(f) and 23. (*Id*. at 19–24.) The SAC defines the proposed class as follows:

> Plaintiff and all persons within the United States to whose telephone number Defendant placed two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls from four (4) years prior to the filing of the Complaint.

(Doc. No. 26 at ¶ 61.)

Defendant argues that Plaintiff's proposed class definition should be stricken because it is an improper fail-safe class and because common questions of law and fact do not predominate. (Doc. No. 29 at 19–23.) Defendant also argues that "[w]ith Plaintiff's proposed class definitions properly stricken, all remaining 'class allegations' in the SAC are superfluous and immaterial and, thus should also be stricken."[2] (*Id*. at 23–24.) The court addresses Defendant's arguments below.

*a. Fail-Safe Class*

A fail-safe class "is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010). To determine class membership, a fail-safe class requires the court to reach a legal determination on the validity of a person's claim in order to determine whether that person is in the class. *Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008). Such a class definition is "unmanageable and improper" because it requires a court to "'engage in-free-ranging merits inquiries at the certification stage.'" *In re Google Generative AI Copyright Litig.*, No. 23-cv-03440-EKL, 2025

---

[2] Because the court will deny Defendant's request to strike Plaintiff's proposed class definition, the court will not address Defendant's additional request to strike all remaining class allegations in the SAC.

WL 1159998, at *2 (N.D. Apr. 21, 2025) (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)). Furthermore, a fail-safe class "is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the [court's] judgment." *Olean Wholesale Grocery Coop. v. Bumble Bee Foods LLC*, 31 F. 4th 651, 669 n.14 (9th Cir. 2022) (en banc) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F. 3d 802, 825 (7th Cir. 2012)). Courts regularly strike fail-safe classes through a motion to strike. *See In re Google Generative AI Copyright Litig.*, 2025 WL 1159998, at *3 (collecting cases where courts struck fail-class definitions through a motion to strike).

"Courts in this circuit have held that a class definition is not fail-safe where 'membership in th[e] class can be readily determined by objective criteria.'" *Mattson v. New Penn Fin., LLC*, No. 18-cv-00990-YY, 2018 WL 6735088, at *4 (D. Or. Nov. 6, 2018) (quoting *Olney v. Job.Com, Inc.*, No. 12-cv-01724-LJO-SKO, 2013 WL 5476813, at *11 (E.D. Cal. Sep. 30, 2013)); *see e.g., Chavez v. Air Prods. & Chems. Inc.*, No. 14-cv-06360-BRO-PJW, 2016 WL 9558905, at *8 (C.D. Cal. Feb. 24, 2016) (finding plaintiff's proposed "overall class" and one of his subclasses were not fail-safe because membership could be determined by objective criteria). Moreover, a class "may be redefined" to resolve the fail-safe issue. *Olney*, 2013 WL 5476813, at *11.

Here, Defendant argues Plaintiff's proposed class is "impermissibly fail-safe" because membership in it depends on the merits of the underlying member's TCPA claim. (Doc. No. 29 at 20.) Specifically, Defendant argues the court would have to determine the elements of Plaintiff's TCPA claim, including whether a class member received a actionable telephone solicitation and if they used their phone for residential purposes. (Doc. No. 29 at 20.) In support of its argument, Defendant points to the decision in *Nichols v. eHealthInsurance Serv., Inc*, No. 23-cv-06720-EKL, 2025 WL 689721 (N.D. Cal. Mar. 3, 2025), where the court struck a proposed DNC class definition as fail-safe at the pleadings stage. (Doc. Nos. 29 at 19–20; 36 at 18.) The court finds Defendant's reliance on *Nichols* is misplaced.

In *Nichols*, the plaintiff defined his proposed class to include:

> All persons within the United States, registered on the National Do

> Not Call Registry for at least 31 days, to whom Defendant and/or a third party acting on Defendant's behalf, made two [or] more telephone solicitations that promoted Defendant's products or services, to a cellular telephone number within any twelve month period, within the four (4) years prior to the filing of the Complaint.

*Nichols*, 2025 WL 689721, at *4. There, the court recognized that "TCPA's implementing regulations define 'telephone solicitation' to exclude calls made with consent or where there is an established business relationship between the caller and the called party." *Id*. at *5 (citing 47 C.F.R. § 64.1200(f)(15)). Because the plaintiff's proposed class limited membership to persons that had received two or more telephone solicitations, the court found it could not determine who was "a member of the [proposed] class without evaluating the merits of each potential class member's claim, including evidence regarding consent and whether there was an established business relationship with [the defendant]." *Id*. Consequently, the court held the plaintiff's proposed class definition was a fail-safe class because membership expressly turned "on whether a consumer received a telephone solicitation from [the defendant]" and that it was appropriate to strike the fail-safe class at the pleading stage. *Id*.

Unlike *Nichols*, Plaintiff has not proposed a nearly identical class definition where membership depends on whether a class member received a telephone solicitation, an element of Plaintiff's TCPA claim. Membership in Plaintiff's proposed class does not incorporate an element of Plaintiff's TCPA claim or an affirmative defense, such as consent, as a requirement for class membership. *See e.g.*, *Panacci v. A1 Solar Power, Inc.*, No. 15-cv-00532-JCS, 2015 WL 3750112, at *8 (N.D. Cal. Jun. 15, 2015) (finding plaintiff's class definitions were not fail-safe because membership in both proposed classes could be determined without reaching any legal conclusions); *Cf. Dixon v. Monterey Fin. Servs., Inc.*, No. 15-cv-03298-MMC, 2016 WL 3456680, at *4 (N.D. Cal. Jun. 24, 2016) (finding plaintiff's proposed class was a fail-safe because it incorporated the affirmative defense of consent).

Moreover, membership in Plaintiff's proposed class definition can be determined by "objective criteria" such as whether the person is on the DNC registry or whether that person received a certain number of telemarketing calls from Defendant within a certain timeframe.

(Doc. No. 26 at ¶ 61); *Olney*, 2013 WL 5476813, at *11. The proposed class members can be readily ascertained from Defendant's records through discovery. Thus, the court concludes Plaintiff's class definition is not a fail-safe class, and Defendant's motion to strike on that basis will be denied.

*b. Rule 23(b)(3)*

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Under Rule 23(a), a court may certify a class only if: "(1) the class is so numerous that joinder of all members is impracticable [numerosity requirement]; (2) there are questions of law or fact common to the class [commonality requirement]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality requirement]; and (4) the representative parties will fairly and adequately protect the interests of the class [adequacy requirement]." Fed. R. Civ. P. 23(a). In addition to those four requirements, a proposed class must satisfy at least one of the following three requirements listed in Rule 23(b): (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b). Here, Plaintiff relies on Rule 23(b)(3). (Doc. No. 26 at ¶ 61.)

Defendant argues that Plaintiff cannot satisfy the predominance requirement of Rule 23(b)(3) and that Plaintiff's proposed class definition should be stricken. (Doc. No. 29 at 21–23.) Specifically, Defendant argues that Plaintiff's proposed class definition would require individual factual and legal inquires on issues such as: (1) whether calls were made without the consent of class members, (2) the manner in which Defendant and/or unidentified third-party may have obtained consent, (3) the circumstances under which class members may have provided consent, (4) whether prior consent had been revoked by class members, (5) whether class members had a

business relationship with Defendant, and (6) whether class members' telephones were used for residential purposes. (*Id*. at 22–23.) In opposition, Plaintiff contends Defendant's request to strike his class allegations is premature and should be resolved after class discovery and a properly supported motion for class certification. (Doc. No. 33 at 9, 26–28.)

As this court previously acknowledged, motions to strike class allegations are disfavored because it is rarely easy to determine before discovery whether the allegations are meritorious. *Cheatham*, 161 F. Supp. 3d at 834 (citation omitted); *see Portillo v. Icon Health & Fitness, Inc.*, No. 19-cv-01428-ODW-PJW, 2019 WL 6840759, at *6 (C.D. Cal. Dec. 16, 2019) ("Courts are hesitant to strike class allegations before the parties have had an opportunity to go through the class certification process.").

Here, Defendant's argument that Plaintiff's proposed class definition should be stricken because they require individualized inquiries "ha[s] been rejected as premature by many of the courts to consider such arguments in the TCPA context." *See Rennick v. NPAS Sols., LLC*, No. 19-cv-02495-ODW-KS, 2020 WL 244170, at *2 (C.D. Cal. Jan. 16, 2020); *Moghadam v. Alleviate Tax, LLC*, No. 24-cv-01810-MWC-DFM, 2025 WL 3190133, at *4 (C.D. Cal. Feb. 24, 2025) (explaining that "the [c]ourt will not grant a motion to strike based on speculation that some proposed class members may have given their express consent or may personally have an established business relationship").

In short, Defendant's class definition challenges are better suited for the class certification stage. Accordingly, the court will deny Defendant's motion to strike Plaintiff's proposed class definition.

2. <u>Other Class Allegations</u>

Defendant also moves to strike paragraph 29 and paragraphs 44 through 46 from Plaintiff's SAC under Rule 12(f). (Doc. No. 29 at 18–19.) In paragraph 29, Plaintiff refers to a different case against Defendant in the United States District Court for the Northern District of Illinois, where Defendant admitted the telephone number (801) 689-3100 is one of its telephone numbers. (Doc. No. 26 at ¶ 29.) In paragraphs 44 through 46, Plaintiff alleges that: (1) the website www.nomorobo.com has recordings of calls from telephone number (801) 689-3100 in which the

caller identifies they are with Defendant; and (2) other consumers have made online complaints about Defendant's calling practices and have identified telephone number (801) 689-3100 as belonging to Defendant. (*Id*. at ¶¶ 44–46.)

Defendant asserts these paragraphs should be stricken because they contain "superfluous historical" allegations. (Doc. No. 29 at 18.) "Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy*, 984 F.2d at 1527, *rev'd on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). In his opposition, Plaintiff agrees that these allegations are "unnecessary." (Doc. No. 33 at 23.) In light of Plaintiff's concession, the court will grant Plaintiff's motion to strike paragraph 29 and paragraphs 44 through 46 from Plaintiff's SAC.

**CONCLUSION**

For the reasons explained above:

1. Defendant's motion to dismiss (Doc. No. 29) is DENIED;
2. Defendant's alternative motion to strike (Doc. No. 29) is GRANTED in part, as follows;
   a. Defendant's motion to strike paragraph 29 and paragraphs 44 through 46 of the second amended complaint is GRANTED;
   b. Defendant's motion to strike is otherwise DENIED;
3. Plaintiff's request for judicial notice (Doc. No. 33) is DENIED;
4. Within twenty-one (21) days from the date of entry of this order, Defendant shall file an answer to Plaintiff's second amended complaint; and
5. Consistent with this court's prior order (Doc. No. 12), this matter is referred to the assigned magistrate judge for the issuance of a pretrial scheduling order.

IT IS SO ORDERED.

Dated: **August 14, 2026**

Dena Coggins
United States District Judge